```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

RICKY R. STATEN,

                Plaintiff,

vs.                                    Case No. 2:09-cv-403-FtM-29SPC

JACQUES FELIPE LAMOUR, Chief Medical
Officer, DeSoto Correctional
Institution, Florida Department of
Corrections,

                Defendant.
_____

## **ORDER**

This matter comes before the Court upon review of Defendant's Motion to Dismiss (Doc. #33, Motion) filed October 27, 2009. After directing Plaintiff to file a response to the Motion (Docs. #26, #30) and granting Plaintiff an extension of time (Doc. #32), Plaintiff filed a Motion for Continuance (Doc. #33) on April 5, 2010. This matter is now ripe for review.

Plaintiff, Ricky R. Staten, who is proceeding *pro se* and is currently confined within the Florida Department of Corrections, has a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) pending against Defendant Jacques Felipe Lamour, M.D., Chief Medical Officer at DeSoto Correctional Institution. Defendant Lamour seeks dismissal of the Complaint on the grounds, *inter alia*, that Plaintiff failed to avail himself of and/or exhaust the administrative remedies that are available within the Florida Department of Corrections. Motion at 2-3. In response to

Defendant's Motion, Plaintiff "concedes that he did not exhaust all of the administrative remedies available to him as set forth by the F.A.C. Ch. 33-103[1] prior to the filing of his Complaint . . ." Motion for Continuance at 3. Thus, Plaintiff requests that the Court grant him a continuance in order that he may exhaust his remedies. Id. at 4.

The Prison Litigation Reform Act (hereinafter "PLRA"), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement is intended to: (1) "eliminate unwarranted federal-court interference with the administration of prisons," (2) "'affor[d] corrections officials time and opportunity to address complaints internally **before** allowing the initiation of a federal case,'" and (3) "'reduce the quantity and improve the quality of prisoner suits.'" Woodford v. Ngo, 584 U.S. 81, 93-94 (2006)(emphasis added, quoting Porter v.

---

[1] The three-step grievance procedure adopted by the Florida Department of Corrections is set forth in the Florida Administrative Code ("F.A.C.") at Chapter 33-103, *et. seq.*

-2-

Nussle, 534 U.S. 506, 524-25 (2002)) (internal footnote and citations omitted). Inmates, however, "are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 127 S. Ct. 910, 921 (2007). Rather, pursuant to the PLRA, failure to exhaust administrative remedies is an affirmative defense. Id.

Nonetheless, whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure -to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id. (footnote, internal quotations, and citations omitted). Consequently, the defense of exhaustion is properly raise in a motion to dismiss as a "matter of judicial administration." Id. 1375-76.

"Exhaustion is a precondition to litigation in federal courts, and courts do not have the discretion to waive the § 1997e(a) requirement." Mason v. Bridger, 261 Fed. Appx. 225, 228 (11th Cir. 2008)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)). See also, Woodford, 584 U.S. at 85 (noting that as a result of the

PLRA, consideration of "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory.").

Here, Plaintiff does not deny that he failed to exhaust the administrative remedies that are available through the Florida Department of Corrections, and in fact he "concedes that he did not exhaust all of the administrative remedies available . . . ." Motion for Continuance at 3. Consequently, the Court finds that pursuant to 42 U.S.C. § 1997e(a) the Court is required to dismiss this action. This dismissal is without prejudice to the extent that Plaintiff is able to still avail himself of and properly exhaust his administrative remedies.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #25) is **GRANTED and Plaintiff's Complaint is dismissed without prejudice.**

2. Plaintiff's Motion for Continuance (Doc. #33) is **DENIED.**

3. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly, and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __7th__ day of June, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record